UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEFONTE BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:25-CV-3141-B |
| | § | |
| SHELLPOINT MORTAGE SERVICING, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Shellpoint Mortgage Servicing ("Shellpoint")'s Motion to Dismiss (Doc. 3). For the reasons stated below, the Court **GRANTS** Shellpoint's Motion to Dismiss.

## I.

## BACKGROUND

This is a foreclosure dispute. In her Petition, Defonte Brown alleges she has property rights to 742 Huddleston, Grand Prairie, Texas 75050 (the "Property") as the heir to the deceased owner. Doc. 1-2, Pet., 4.[1] Shellpoint is the mortgage holder for the Property. *Id.* On January 7, 2025, Shellpoint attempted to sell the Property through a foreclosure sale. *Id.* It is undisputed that the foreclosure sale did not happen, and that a new sale has not been scheduled. *See* Doc. 4, Def.'s Br., 6; Doc. 13, Resp., 4.

Defonte[2] states she received a "defective notice of default and an improper notice of acceleration," prior to the attempted sale, which violated requirements in the "security documents

---

[1] The citations to the Docket refer to the pagination on the Electronic Case Files system.
[2] Because this case involves two individuals with the last name Brown, the Court references Plaintiff by her first name.

and the property code." Doc. 1-2, Pet., 4. She further claims that Shellpoint made "misrepresentations in communicating" loss mitigation options. *Id.* at 4. Shellpoint also allegedly evaded Defonte's inquiries about loan modifications. *Id.* at 5. Accordingly, she brings claims against Shellpoint for breach of contract and negligent misrepresentation. *Id.* at 4. She also requests the Court grant her injunctive relief to prevent a possible future foreclosure sale. *See id.* at 5.

Shellpoint moved to dismiss Defonte's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 3, Mot., 1. Defonte filed a response (Doc. 13), and Shellpoint replied (Doc. 15). The Court reviews the ripe Motion below.

## II.

### LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) authorizes a defendant to move for dismissal of a plaintiff's complaint for "failure to state a claim upon which relief can be granted." In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citation omitted). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When well-pleaded facts fail to meet this standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citation modified).

**III.**

**ANALYSIS**

A.    *Defonte Has Not Plausibly Alleged a Breach of Contract Claim.*

Defonte believes that Shellpoint was obliged to provide her with proper notice of default and an opportunity to cure under the Deed of Trust and Texas Property Code. Doc. 1-2, Pet., 4. She also argues that Shellpoint should have informed her of assistance options prior to accelerating the note under U.S. Department of Housing and Urban Development ("HUD") regulations. *Id.* According to Defonte, by providing a defective notice of default and notice of acceleration, Shellpoint breached the Deed of Trust. *See id.*

In its Motion to Dismiss, Shellpoint argues that Defonte lacks standing[3] to bring a breach of contract claim because she was not a party to the Deed of Trust. Doc. 4, Def.'s Br., 3. In her response, Defonte argues she has standing to enforce the contract as heir to the owner of the Property. Doc. 13, Resp., 2. Additionally, Defonte asserts for the first time that she is a successor in interest to the original note maker. *Id.* at 3.

The Court reviews the Deed of Trust attached to Shellpoint's Motion to Dismiss as a document that is central to Defonte's claims and is explicitly named in her Petition. *See Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir.2004) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir.2000))). Upon review, the Court notes that the Deed of Trust was signed

---

[3] Standing in this context does not refer to Article III standing. Instead, contractual standing hinges on whether a party has a contractual right to bring a suit. *See Domain Prot., LLC v. Sea Wasp, LLC*, 23 F.4th 529, 536 (5th Cir. 2022).

only by Harriet Brown as the borrower, not by Defonte. *See* Doc. 4-1, Deed of Trust, 9.

Under Texas Property Code section 51.002(d), "the mortgage servicer of the debt shall serve a debtor in default under a deed of trust . . . with written notice by certified mail stating that the debtor is in default . . . and giving the debtor at least 20 days to cure the default before notice of sale can be given." But a mortgage servicer has no obligation to provide notice of default to an individual not named on the Deed of Trust. *See Rodriguez v. Ocwen Loan Servicing, LLC* (*Rodriguez II*), 306 F. App'x 854, 856 (5th Cir. 2009) ("[T]here is no legal requirement that personal notice of a foreclosure be sent to persons not parties to the deed of trust." (quoting *Stanley v. CitiFinancial Mortg. Co.*, 121 S.W.3d 811, 817 (Tex. App.—Beaumont 2003, pet. denied))).

Under Texas law, a breach of contract claim requires "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.— Houston [14th Dist.] 2005, pet. denied)). Courts presume that parties are contracting only for themselves. *Bridas S.A.P.I.C. v. Gov't of Turkm.*, 345 F.3d 347, 362 (5th Cir. 2003) (citation omitted). A third party to a contract can only bring a claim under the contract if she can show she was intended as a third-party beneficiary by the contracting parties. *See id.* (citations omitted). To do so, the third party must allege facts showing "the contract was actually made for [her] benefit and that the parties intended that the contract be for [her] benefit." *Rodriguez v. Ocwen Loan Servicing, Inc.* (*Rodriguez I*), No. CIV.A. H-07-4546, 2008 WL 239652, at *5 (S.D. Tex. Jan. 29, 2008) (citation omitted), *aff'd*, 306 F. App'x 854. "The intention to contract or confer a benefit to a third party must be clearly and fully spelled out in order to show the contracting parties entered into the contract directly for the

third party's benefit." *First Union Nat'l Bank v. Richmont Cap. Partners*, 168 S.W.3d 917, 929 (Tex. App.–Dallas 2005, no pet.) (citing *MCI Telecomms. Corp. v. Tex. Util. Elec. Co.*, 995 S.W.2d 647, 651 (Tex. 1999)).

Defonte cannot assert a plausible breach of contract claim against Shellpoint because her status as heir does not, on its own, oblige Shellpoint to provide her with notice. Defonte does not allege she signed the Deed of Trust or is otherwise named in the document. Accordingly, the Texas Property Code does not require Shellpoint to provide Defonte with personal notice of the foreclosure. *See Rodriguez II*, 306 F. App'x at 856. As Defonte is not a party to the Deed of Trust, she must allege facts showing she is a third-party beneficiary to that contract. In her Petition, Defonte does not allege that Harriet Brown entered the contract for Defonte's benefit. Because Defonte is not a party to the contract or a third-party beneficiary, she lacks contractual standing. Lastly, regarding her new assertion that she is a successor in interest, no such allegation exists in the Petition, and a plaintiff cannot add allegations to a complaint through a response brief. *See Horton v. M & T Bank*, No. 4:13-CV-525-A, 2013 WL 6172145, at *7 (N.D. Tex. Nov. 22, 2013) (McBryde, J.). Therefore, dismissal of the breach of contract claim is appropriate.

B.      *Defonte Fails to Plausibly Allege a Negligent Misrepresentation Claim.*

Defonte alleges Shellpoint made misrepresentations about loss mitigation options and evaded inquiries about loan modification or other alternatives. Doc. 1-2, Pet., 4-5. Because of the misrepresentations, she suffered damages including "clouding the title, harm to credit reputation and creditworthiness, additional charges to [the] mortgage and escrow accounts and value of time in remedying the problem." *Id.* at 5.

There are four elements to a negligent misrepresentation claim under Texas Law:

(1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation.

*Gen. Elec. Cap. Corp. v. Posey*, 415 F.3d 391, 395-96 (5th Cir. 2005) (citation omitted).

Here, Defonte's Petition does not plausibly allege a negligent misrepresentation claim. Her Petition includes only conclusory allegations and provides no facts explaining what the false misrepresentations about the loan modifications were or how she relied on the misrepresentations to her detriment. Without well-pleaded facts, Defonte cannot meet the federal pleading standard. *See Iqbal*, 556 U.S. at 678-79. Courts in this District have found the same negligent misrepresentation allegations deficient on the same reasoning. *See, e.g.*, *Marshall v. Freedom Mortg. Corp.*, No. 3:22-CV-1084-K-BN, 2022 WL 14954831, at *7 (N.D. Tex. Oct. 3, 2022) (Horan, Mag. J.), *report and recommendation adopted*, 2022 WL 15089737 (N.D. Tex. Oct. 25, 2022) (Kinkeade, J.); *Suissi v. Wells Fargo Bank Nat'l Ass'n*, No. 3:22-CV-01545-E, 2023 WL 2700721, at *4 (N.D. Tex. Mar. 29, 2023) (Brown, J.). Following the sound example of those previous cases, the Court dismisses Defonte's negligent misrepresentation claim.

C.      *Dismissal of the Injunctive Relief Request is Appropriate.*

Defonte requests the Court "set this matter for a hearing on a Temporary Injunction to govern the conduct of the parties pending the outcome of this litigation." Doc. 1-4. Pet., 6. But to obtain preliminary injunctive relief, a plaintiff must show a "substantial likelihood of success on the merits." *See DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996) (citation omitted). As dismissal of all of Defonte's claims is appropriate, she has not shown a likelihood of success on the merits. Accordingly, the Court denies the request for injunctive relief.

**IV.**

**CONCLUSION**

The Court **GRANTS** Shellpoint's Motion to Dismiss and **DISMISSES** Defonte's claims **without prejudice**. The Court also **DENIES** Defonte's request for injunctive relief. If Defonte wishes to file an amended complaint, she must do so by or before July 8, 2026.

**SO ORDERED.**

**SIGNED: June 24, 2026.**

_____
JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE